**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>**CAPITOL BANCORP LTD.,**[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 12-58409<br>(Jointly Administered)<br><br>Hon. Marci B. McIvor |

**DEBTORS' RESPONSE TO COMMITTEE'S
OBJECTION TO SOLICITATION PROCEDURES MOTION**

Capitol Bancorp Ltd. and Financial Commerce Corporation, as Debtors and Debtors in Possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for their *Response to the Objection of the Official Committee of Unsecured Creditors to Debtors' Motion* (the "**Solicitation Procedures Motion**") [Docket No. 438]*: (A) To Establish Procedures for Solicitation and Tabulation of Votes to Accept or Reject Debtors' Joint Liquidating Plan; (B) To Establish Deadlines and Procedures for Filing Objections to Confirmation of the Plan; and (C) For Related Relief* (the "**Committee's Objection**") [Docket No. 461],[2] state:

1.   In an effort to consensually resolve the Committee's Objection with respect to the timeline proposed in the Solicitation Procedures Motion, the revised proposed timeline for which the Debtors now seek approval by the Court is as follows:

---

[1] The Debtors in these jointly administered cases are Capitol Bancorp Ltd. (Case No. 12-58409) and Financial Commerce Corporation (Case No. 12-58406).

[2] All capitalized terms and phrases not otherwise defined herein shall have the meanings ascribed to them in the Solicitation Procedures Motion or the Committee's Objection, as applicable.

| Event | Date Proposed in Solicitation Procedures Motion | Revised Proposed Date |
|---|---|---|
| Solicitation Procedures Motion Filed | May 22, 2013 | May 22, 2013 |
| Record Date | May 31, 2013 | June 28, 2013 |
| Deadline to Commence Solicitation | June 24, 2013 | July 8, 2013 |
| Voting Deadline | July 26, 2013 | September 2, 2013 |
| Confirmation Objection Deadline | July 26, 2013 | September 2, 2013 |
| Claims Estimation Motion Deadline | July 26, 2013 | September 2, 2013 |
| Confirmation Hearing Date | August 14, 2013 | September 18, 2013 |

2. The Debtors are also amenable to the Committee's requests that (a) the Solicitation Package include the proposed Committee Cover Letter, if modified as hereinafter requested, (b) a form of Master Ballot be utilized solely for Capitol Trust I and Capitol Trust XII, and (c) a separate form of Beneficial Holder Ballot be utilized for each of Class 1 and Class 2.

3. The proposed Committee Cover Letter would be acceptable to the Debtors if the second and third bullet points therein are modified as highlighted below in order to provide greater factual accuracy and clarity:

- The Plan would release any causes of action held by the Debtors' estates against the Debtors' officers and directors. *The Committee is seeking to investigate whether any such causes of action may exist. To the extent that any such causes of action may exist, this release provision in the Plan could diminish the potential sources of assets that might otherwise be available from which to provide a possible distribution to creditors.*

- Under the Plan's "Toggle Option," the Debtors' existing *equity holders might be able to acquire a partial interest in* the reorganized Debtors *as part of a transaction with a new investor, assuming that such existing equity holders were able to make a substantial contribution so as to satisfy the "new value exception" to the Bankruptcy Code's absolute priority rule.*

4. The Court should deny the requests in the Committee's Objection (a) that the Solicitation Packages be sent to Nominees via overnight delivery service, rather than by first-class mail, and (b) that the Debtors be required to provide a link to a website (other than the Court's ECF/PACER system) where parties-in-interest can download and print the Solicitation Package materials (including the Plan and Disclosure Statement) without charge. There appears to be no legal predicate for these proposed modifications and indeed the Committee has identified no such predicate. Each such request would burden the Debtors with substantial additional cost. The Debtors have proposed to make such materials available upon creditors requesting them from Debtors' counsel.

5. The Committee's Objection untimely asserts three misplaced objections to the adequacy of the information in the Debtors' Disclosure Statement. For the following reasons, none of these assertions should cause the Court to deny preliminary approval of the Disclosure Statement:

A. The Committee first complains that the Debtors "are simply unable to provide creditors with even a range of potential recoveries." The Debtors' original prepackaged plan [Docket No. 12] was derailed because the contemplated investor withdrew. The Debtors, notwithstanding their best efforts, have been unable to date to effectuate a transaction with a new investor that could facilitate a reorganization of the Debtors. However, the Debtors' Plan, through the "toggle", leaves open the possibility of a reorganization. In the meantime, and in the interest of time and attempting to preserve precious estate assets, in the face of mounting bank seizures by the FDIC, the Debtors have proposed the only other option – a liquidating plan. As sales of subsidiary banks are proposed, creditors will have the opportunity to evaluate each proposed sale. Unless and

3

until sale agreements, subject to Court approval, are executed, the potential recoveries from the sale of subsidiary banks are *speculative*. The Debtors do not believe that it would benefit creditors for the Debtors to engage in such speculation. Any such speculation might be counter-productive and could, in fact, mislead creditors and equity interest holders. The Debtors have provided the best available -- and adequate -- information.

      B.      The Committee has misconstrued the Plan provision regarding the possibility that existing Holders of Equity Security Interests in the Debtors may retain all or a portion of such Equity Security Interests in the event of a Reorganization. The Plan statement that, in such event, "the 'new value exception' to § 1129(b)(2)(B)(ii) of the Bankruptcy Code shall be satisfied," was intended to mean that it will be a requirement to satisfy the legal standards for the "new value exception". In any event, the Committee's misinterpretation of this provision is a confirmation issue and has nothing to do with the Solicitation Procedures Motion.

      C.      Finally, the Committee contends that the Debtors have failed to disclose the potential "effect" [sic] of the proposed releases of the Debtors' directors and officers on potential creditor recoveries. The fact that the Committee is seeking authority "to investigate and pursue *potential* causes of action against the Debtors' directors and officers," does not require the Debtors to engage in layers of speculation, none of which would be productive nor within the spirit of providing "adequate information" through the Disclosure Statement. This portion of the Committee's Objection is, in essence, a premature and baseless objection to the Plan. The proposed provision of the Plan releasing the Debtors' officers and directors is legally permissible and creditors will have

the opportunity to choose whether or not to vote for such release, to vote for or against the Plan generally, and/or to object to the Plan on the basis of this release provision or otherwise.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court (a) deny the Committee's Objection and grant the Solicitation Procedures Motion, subject only to the limited modifications agreed to by the Debtors as stated above, and (b) grant such other and further relief as the Court may deem proper.

Date: June 19, 2013

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Counsel for the Debtors

By: /s/ E. Todd Sable
    E. Todd Sable (P54956)
    Joseph R. Sgroi (P68666)
    Lawrence A. Lichtman (P35403)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
Telephone: (313) 465-7000
Facsimile: (313) 465-8000
Email: tsable@honigman.com