# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

**CAPITOL BANCORP LTD.,**[1]

          Debtors.

Chapter 11

Case No. 12-58409
(Jointly Administered)

Hon. Marci B. McIvor

## DEBTORS' MOTION FOR AN ORDER AUTHORIZING SETTLEMENT AGREEMENT WITH G3 PROPERTIES, LLC *ET AL*.

Capitol Bancorp Ltd. ("**CBC**") and Financial Commerce Corporation ("**FCC**"), as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), file this motion (the "**Motion**")[2] seeking the entry of an order authorizing the proposed settlement agreement with G3 Properties, LLC *et al*.[3] (collectively, the

---

[1] The Debtors in these jointly administered cases are Capitol Bancorp Ltd. (Case No. 12-58409) and Financial Commerce Corporation (Case No. 12-58406).

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement (hereinafter defined).

[3] The G3 Parties, also sometimes hereinafter referred to as the "**Plaintiffs**", are:

    (1)    G3 Properties, LLC, a Michigan limited liability company;

    (2)    Steven Samuel Glander;

    (3)    John Iannucci Family Trust Dtd. 10/17/2000, John Iannucci, Trustee;

    (4)    Angelo Iannucci;

    (5)    The Kenneth A. & Debbie A. Kefalas Family Trust Dtd. 5/31/2006, Kenneth A. & Debbie A. Kefalas, Trustees;

    (6)    Benjamin W. Post, Jr;

1

"**G3 Parties**") regarding certain state court litigation as hereinafter described, as embodied in the Settlement Agreement dated December __, 2013, attached hereto as part of **Exhibit 6** (the "**Settlement Agreement**").

In support of this Motion, the Debtors represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

3.      The statutory predicate for the relief requested herein is Bankruptcy Rule 9019(a).

## Background

4.      On August 14, 2012, an Order was entered by this Court granting relief from the automatic stay in order to permit the continuation of that certain Michigan state court action which had been commenced pre-petition and was, and remains, pending, entitled G3 Properties, LLC, et al. vs. Capitol Bancorp Ltd., et al., Ingham County Circuit Court Case No. 11-39-CZ and any appurtenant appeals, solely in order to liquidate the plaintiffs' alleged direct and derivative claims against Debtor CBC and any other defendants in such action (the "**G3 Plaintiffs Action**").  See August 14, 2012 Order Granting Relief From the Automatic Stay and Confirming Creditor Status at ¶ 1 [Docket No. 48].

---

(7)     Seifman Family Trust Dtd. 5/12/1994, Bill and Sara Seifman, Trustees;

(8)     Henry B. Soloway 1991 Irrevocable Family Trust Dtd. 1/22/91, Albert L. Bardier, Trustee; and

(9)     Capitol Development Bancorp Limited VIII ("CDBL VIII"), a Michigan corporation, is a nominal Plaintiff, in that the other above-listed traditional parties Plaintiff have asserted certain claims "derivatively" on its behalf.

13969475.2
13990279.1

5. The plaintiffs in the G3 Plaintiffs Action are the shareholders of CDBL VIII. The Defendants in the G3 Plaintiffs Action are: (a) Debtor CBC, (b) Cristin K. Reid, individually, among other things, the President of Debtor CBC, (c) Joseph D. Reid, individually, among other things, the Chairman of Debtor CBC, and (d) L. Douglas Johns, a director of Debtor CBC (collectively, the "**Defendants**"). Subsequent to commencement of the G3 Plaintiffs Action and further subsequent to the Petition Date, these Defendants, including CBC, filed an action against the G3 Parties in the Ingham County Circuit Court, being Case No. 13-1168-CZ (the "**G3 Indemnity Action**"). The G3 Plaintiffs Action and the G3 Indemnity Action are hereinafter referred to collectively as the "**G3 Actions**".

6. The individual Defendants in the G3 Plaintiffs Action, being Cristin K. Reid, Joseph D. Reid and L. Douglas Johns (collectively, the "**Individual Defendants**"), among other things, were, at all relevant times, the members of the Board of Directors of CDBL VIII.

7. In essence, the G3 Actions together concern the G3 Parties' allegations that the Individual Defendants caused a purportedly unauthorized transfer of $6,000,000 to be made from CDBL VIII to CBC without requisite approval of all shareholders of CDBL VIII, and related claims of the Defendants against the G3 Parties. The Defendants dispute these allegations.

8. The G3 Parties have filed the following respective proofs of claim against CBC in these Chapter 11 Cases (individually and collectively, the "**G3 Claims**"):[4]

| Claim No. | Claimant | Alleged Principal Claim Amount |
|---|---|---|
| 1 | Angelo Iannucci | $100,000.00 |
| 2 | Steven Samuel Glander | $100,000.00 |

---

[4] The State Court Settlement Order (hereinafter defined), as to the amount of the G3 Claims for voting purposes on the Plan, has rendered moot the Debtors' Estimation Motion as to the G3 Claims [Docket No. 598].

13969475.2
13990279.1

| 3 | John Iannucci Family Trust dated 10/17/2000, John Iannucci, Trustee | $100,000.00 |
|---|---|---|
| 4 | G3 Properties, LLC | $1,000,000.00 |
| 5 | Kenneth A. & Debbie A. Kefalas Family Trust dated 5/31/2006, Kenneth A. Kefalas, Trustee | $150,000.00 |
| 6 | Benjamin W. Post, Jr. | $50,000.00 |
| 7 | Seifman Family Trust dated 5/12/1994, Bill & Sara Seifman, Trustees | $1,000,000.00 |
| 8 | Henry B. Soloway 1991 Irrevocable Trust dated 12/4/1991, Albert L. Bardier, Trustee | $400,000.00 |
| 9 | Capital Development Bancorp Limited VIII, "derivatively." | $18,075,000.00 |

9.      The Settlement Agreement was approved on January 13, 2014, by the Order Approving Revised Settlement Agreement entered by the Ingham County Circuit Court, as attached hereto as Exhibit 6 (the "**State Court Settlement Order**").  Therefore, subject to the approval of this Court, all parties to the G3 Actions, including Debtor CBC, have reached a full and final settlement of the G3 Actions.

10.      The Debtors have filed their *Amended Joint Liquidating Plan of Capital Bancorp Ltd. and Financial Commerce Corporation* [Docket No 523] (as amended, modified or supplemented from time to time, the "**Plan**"), as to which the confirmation hearing is scheduled on January 21, 2014.  The G3 Parties have filed an Objection to the Plan [Docket No. 595] (the "**G3 Plan Objection**").

11.      As more fully set forth in the Settlement Agreement, the settlement for which Court approval is sought herein would result in the G3 Parties receiving payment of the aggregate amount of $2,250,000 (the "**Settlement Amount**"), with all of such Settlement

13969475.2
13990279.1

Amount being paid from the proceeds of applicable insurance coverage. The Debtors request, among other things, Court approval for the Settlement Amount to be paid out of policy proceeds of Debtor CBC's D&O insurance Policy BCP 8737781 with Cincinnati Insurance Company (the "**D&O Policy**") with such payment to reduce the available limit of liability under the D&O Policy. The payment of the Settlement Amount to the G3 Parties would result in: (a) dismissal, with prejudice and without costs of the G3 Actions; (b) compromise and full satisfaction, discharge and release of the G3 Claims, and (c) as proposed herein, resolution of the G3 Plan Objection.

## Relief Requested

12. The Debtors request entry of an order, pursuant to Bankruptcy Rule 9019(a), authorizing the Settlement Agreement with the G3 Parties and thereby fully and finally resolving the G3 Actions, the G3 Claims and the G3 Plan Objection.

## Basis for Relief

13. Bankruptcy Rule 9019(a) provides that on motion by the trustee, and after notice and a hearing, the court may approve a compromise or settlement. Settlements are generally favored by law. *In re SCBA Liquidation, Inc.*, 451 B.R. 747, 768 (Bankr. W.D. Mich. 2011) (*quoting In re Meadows*, 396 B.R. 485, 499 (Bankr. 6th Cir. 2008)). The purpose of such settlement agreements are often to avoid the "expenses and burdens associated with litigating sharply contested and dubious claims" to the estates. *In re Bard*, 49 F. App'x 528, 530 (6th Cir. 2002) (*quoting In re A & C Props.*, 784 F.2d 1377, 1380-81 (9th Cir. 1986)); *see Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157, 1163 (1968) ("In administering [bankruptcy] proceedings in an economical

13969475.2
13990279.1

and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts.").

14.     A court must review a settlement agreement to determine if it is "fair and equitable," before it may approve the settlement agreement under Bankruptcy Rule 9019(a). *TMT Trailer Ferry, Inc.*, 390 U.S. at 424, 88 S. Ct. at 1163; *Reynolds v. Commissioner*, 861 F.2d 469, 473 (6th Cir. 1988).   In conducting this review, the court must "apprise itself of the underlying facts and to make an independent judgment as to whether the compromise is fair and equitable."  Reynolds, 861 F.2d at 473 (*citing In re American Reserve Corp.*, 841 F.2d 159, 162-63 (7th Cir. 1987)).   "What is being sought is not the resolution of issues, but rather the identification and clarification of the litigation issues so that the [bankruptcy court] can make an informed decision on the reasonableness of the settlement."  *In re Bell & Beckwith*, 93 B.R. 569, 574-75 (Bankr. N.D. Ohio 1988).   However, the court does not need to conduct a trial or write an extensive opinion to approve a settlement agreement.  *In re MQVP, Inc.*, 2012 U.S. App. LEXIS 7503 at *10 (6th Cir. 2012).

15.     Courts generally consider four factors when determining whether a settlement agreement is fair and equitable: (a) the probability of success in the litigation; (b) the difficulties of collecting any judgment; (c) the complexity of the litigation and the expense, inconvenience, and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.  *In re SCBA Liquidation, Inc.*, 451 B.R. at 769 (*citing TMT Trailer*, 390 U.S. at 424, 88 S. Ct. at 1163*; In re Bard*, 49 F. App'x at 530 (unpublished opinion); *In re Cook*, 336 B.R. 600, 2006 WL 13114, *3 (Bankr. 6th Cir. 2006) (unpublished table opinion); *In re Quality Stores, Inc.*, 272 B.R. 643, 647-48 n.9 (Bankr. W.D. Mich. 2002)).

6

16.     In this case, the four factors collectively weigh in favor of approval of the Settlement Agreement.

a.      First, the probability and amount of relief which may be obtained from continued litigation with the G3 Parties in the G3 Actions is uncertain. While CBC believes it has valid defenses and claims, the ultimate resolution of the parties' competing claims is obviously uncertain and could be less than the substantial reduction in the G3 Claims afforded by the Settlement Agreement.

b.      Second, continuance of the pending litigation would be complex, costly and further delay the administration of the Debtors' estates, at a time when the Debtors are attempting to proceed expeditiously to obtain confirmation of the Plan.  Continuing the litigation would involve significant factual and legal issues and would necessarily cause the Debtors to incur ongoing related professional fees and costs.  This added complexity, inconvenience, delay and expense associated with continuing the litigation weighs heavily in favor of the Settlement Agreement.

c.      Third, while "collection" *per se* may not be relevant in this circumstance, the timing of resolving this matter with the G3 Parties weighs in favor of the Settlement Agreement.  The Settlement Agreement would resolve and significantly reduce the G3 Claims against the Debtors' estates.  This would advance the objectives of furthering the consummation of the Plan, if the Plan is confirmed, and the economic administration of the Debtors' estates.

13969475.2
13990279.1

d.      Finally, a fourth factor also weighs strongly in favor of approving the Settlement Agreement. The Settlement Agreement is, in the Debtors' reasonable business judgment, in the best interests of creditors because it not only represents a very substantial reduction in the G3 Claims against CBC, but also provides for payment in full of the Settlement Amount from insurance proceeds and not from the Debtors' estates. Furthermore, the Settlement Agreement guarantees the certain and immediate resolution of the G3 Claims, thereby curtailing both the professional expense and potentially costly uncertainty of continued litigation with the G3 Parties, all at substantial benefit to the Debtors' estates.

17.    For these reasons, the Settlement Agreement is fair and equitable and should be approved by the Court.

## No Prior Request

18.    Other than as stated in paragraph 9 above, no prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court: (a) enter an order, substantially in the form attached hereto as **Exhibit 1,** authorizing the Settlement Agreement with the G3 Parties and thereby fully and finally resolving the G3 Actions, the G3 Claims and the G3 Plan Objection, and (b) grant such other and further relief as the Court may deem proper.

13969475.2
13990279.1

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Counsel for the Debtors

Date: January 15, 2014

By: /s/ E. Todd Sable
     E. Todd Sable (P54956)
     Joseph R. Sgroi (P68666)
     Lawrence A. Lichtman (P35403)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
Telephone: (313) 465-7000
Facsimile: (313) 465-8000
Email: tsable@honigman.com

13969475.2
13990279.1

**Exhibit 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

**CAPITOL BANCORP LTD.,**[1]

Debtors.

Chapter 11

Case No. 12-58409
(Jointly Administered)

Hon. Marci B. McIvor

**ORDER AUTHORIZING SETTLEMENT**
**AGREEMENT WITH G3 PROPERTIES, LLC *ET AL.***

Upon the Motion for an Order Authorizing Settlement Agreement With G3 Properties, LLC *et al.* (the "**Motion**")[2] of the above-captioned debtors (collectively, the "**Debtors**"); it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing that notice of this Motion and the opportunity for hearing on this Motion was appropriate under the particular circumstances and that no other or further notice need be given; no objection to the Motion having been filed with the Court and served and a certificate of no response having been filed; and after due deliberation and sufficient cause  appearing therefor;

IT IS ORDERED THAT:

---

[1] The Debtors in these jointly administered cases are Capitol Bancorp Ltd. (Case No. 12-58409) and Financial Commerce Corporation (Case No. 12-58406).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

1.     The Motion is granted.

2.     Pursuant to Bankruptcy Rule 9019(a), the Settlement Agreement is approved and the Debtors are authorized to take all actions required by the Settlement Agreement.

3.     The G3 Claims are allowed in the aggregate amount of $2,250,000; provided, however, that the G3 Claims shall be deemed fully paid and satisfied upon the payment of the Settlement Amount as provided in Paragraph 3 of the Settlement Agreement.  The Settlement Amount shall be paid from proceeds of the D&O Policy and such payment shall reduce the available limit of liability under the D&O Policy.

4.     The G3 Plan Objection is hereby deemed withdrawn with prejudice; provided, however, that any release, exculpation, injunctions or similar relief in the Plan or any order confirming the Plan (the "**Confirmation Order**") approving the same shall not apply to the G3 Parties unless and until the Settlement Amount is paid in full.

5.     Notwithstanding anything to the contrary contained in this Order, the Plan or the Confirmation Order, in the event that the Settlement Amount is not paid or any other default occurs under the Settlement Agreement, the G3 Parties may pursue any and all remedies against the Defendants without further order from this Court.

6.     To the extent of any conflict between the terms of the Settlement Agreement and the terms and provisions of the Plan and/or the Confirmation Order, and subject to payment of the Settlement Amount as provided in the Settlement Agreement and the non-occurrence of any default under the Settlement Agreement, the terms and provisions of the Plan and the Confirmation Order shall govern and control.

7.     The Court retains jurisdiction with respect to all matters arising from or related to the Settlement Agreement and the implementation of this Order.

13969475.2
13990279.1

**Exhibit 2**

**Notice and Opportunity to Object**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| **CAPITOL BANCORP LTD.,**[1] | Case No. 12-58409 |
|  | (Jointly Administered) |
| Debtors. | Hon. Marci B. McIvor |

### NOTICE OF DEBTORS' MOTION FOR AN ORDER
### AUTHORIZING SETTLEMENT AGREEMENT WITH G3 PROPERTIES, LLC *ET AL.*

On January 15, 2014, Capitol Bancorp Ltd. ("**CBC**") and Financial Commerce Corporation ("**FCC**"), as debtors and debtors in possession in the above-captioned chapter 11 cases, filed their *Motion for an Order Authorizing Settlement Agreement with G3 Properties, LLC et al.* (the "**Motion**").

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

**The Debtors intend to ask the Court to expedite the hearing on the Motion.**  If this request is granted, and you do not want the Court to grant the relief south in the Motion, or if you want the Court to consider your view on the Motion, before the hearing you or your attorney must:

1. File with the Court a written response or an answer,[2] explaining your position at:

    United States Bankruptcy Court
    211 W. Fort Street, Suite 2100
    Detroit, MI  48226

    If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date set by the court.

---

[1] The Debtors in these jointly administered cases are Capitol Bancorp Ltd. (Case No. 12-58409) and Financial Commerce Corporation (Case No. 12-58406).

[2] Response or answer must comply with Fed. R. Civ. P. 8(b), (c) and (e).

You must also mail a copy to:

E. Todd Sable, Esq.
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226

If the Court does not expedite the hearing, and you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your view on the Motion, you must take the foregoing actions within 21 days of the date this notice was served.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.**

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Counsel for the Debtors

By:     /s/ E. Todd Sable_____

Date: January 15, 2014          E. Todd Sable (P54956)
                                Joseph R. Sgroi (P68666)
                                Lawrence A. Lichtman (P35403)
                        2290 First National Building
                        660 Woodward Avenue
                        Detroit, MI 48226
                        Telephone: (313) 465-7000
                        Facsimile: (313) 465-8000
                        Email: tsable@honigman.com

## Exhibit 3

## Required Brief – Not Applicable

**Exhibit 4**

**Certificate of Service**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| **CAPITOL BANCORP LTD.,**[1] | Case No. 12-58409 (Jointly Administered) |
| Debtors. | Hon. Marci B. McIvor |

## <u>CERTIFICATE OF SERVICE</u>

Debtors have engaged a Noticing Agent, which will serve this Motion and file a subsequent Proof of Service after it has performed the service.

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Counsel for the Debtors

By:   /s/ E. Todd Sable
      E. Todd Sable (P54956)
Date: January 15, 2014     Joseph R. Sgroi (P68666)
      Lawrence A. Lichtman (P35403)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
Telephone: (313) 465-7000
Facsimile: (313) 465-8000
Email: tsable@honigman.com

---

[1] The Debtors in these jointly administered cases are Capitol Bancorp Ltd. (Case No. 12-58409) and Financial Commerce Corporation (Case No. 12-58406).

13990279.1

**Exhibit 5**


**Declaration – Not Applicable**

**Exhibit 6**

**Settlement Agreement**

## STATE OF MICHIGAN
## CIRCUIT COURT FOR THE COUNTY OF INGHAM

G3 PROPERTIES, LLC, a Michigan limited
liability company, *et al.,*

Plaintiffs,

Case No. 11-39-CZ

v.

Hon. Clinton Canady, III
Transferred to Hon. Joyce Draganchuk

CAPITOL BANCORP LTD., a Michigan
corporation, *et al.,*

Defendants.

_____/

Jeffrey G. Muth (P65041)
Scott R. Murphy (P68015)
Barnes & Thornburg LLP
171 Monroe Ave NW, Ste 1000
Grand Rapids, Michigan 49503
(616) 742-3930
Attorneys for Plaintiffs

Raymond W. Henney (P35860)
Michael P. Hindelang (P62900)
Honigman Miller Schwartz & Cohn LLP
660 Woodward Ave, Ste 2290
Detroit, Michigan 48226
(313) 465-7412
Attorneys for Defendants

_____/

## ORDER APPROVING REVISED SETTLEMENT AGREEMENT

At a session of said Court, held in and for said Circuit, at
the County Courthouse, Lansing, Michigan, this *13*th
day of January, 2014.

PRESENT:     Honorable Joyce Draganchuk
             Circuit Court Judge

THIS MATTER having come before this Court on Plaintiffs' Motion to Approve the Revised

Settlement attached hereto as Exhibit A and being otherwise fully advised in the premises:

**IT IS HEREBY ORDERED** that:

1. The Revised Settlement Agreement, attached hereto is approved pursuant to MCL 450.1496.

JOYCE DRAGANCHUK

_____
Hon. Joyce Draganchuk        P-30417
Circuit Court Judge

1

APPROVED AS TO FORM:

For Plaintiffs:

By: _____
Jeffrey G. Muth (P65041)
BARNES & THORNBURG LLP

Dated: January 13, 2014

For Defendants:

By: _Michael Hindelang w/ permission_
Michael P. Hindelang (P62900)
HONIGMAN MILLER SCHWARTZ AND COHN
LLP

Dated: January 13, 2014

2

A

## SETTLEMENT AGREEMENT

This Settlement Agreement and Release (the "Agreement") is entered into this ___ day of December, 2013, between G3 PROPERTIES, LLC, STEVEN SAMUEL GLANDER, JOHN IANNUCCI FAMILY TRUST Dtd. 10/17/2000, JOHN IANNUCCI, TTEE, ANGELO IANNUCCI, THE KENNETH A. & DEBBIE A. KEFALAS FAMILY TRUST Dtd. 5/31/2006, KENNETH A. & DEBBIE A. KEFALAS, TTEES, BENJAMIN W. POST, JR., SEIFMAN FAMILY TRUST Dtd. 5/12/1994, BILL & SARA SEIFMAN, TTEES, and HENRY B. SOLOWAY 1991 IRREVOCABLE FAMILY TRUST Dtd. 1/22/91, ALBERT L. BARDIER, TTEE, (collectively "Plaintiffs") and CAPITOL BANCORP LTD., CRISTIN K. REID, JOSEPH D. REID, and L. DOUGLAS JOHNS (collectively, "Defendants" and, together with Plaintiffs, the "Parties").

**WHEREAS**, Plaintiffs have filed a lawsuit against Defendants captioned <u>G3 PROPERTIES, LLC, STEVEN SAMUEL GLANDER, JOHN IANNUCCI FAMILY TRUST Dtd. 10/17/2000, JOHN IANNUCCI, TTEE, ANGELO IANNUCCI, THE KENNETH A. & DEBBIE A. KEFALAS FAMILY TRUST Dtd. 5/31/2006, KENNETH A. & DEBBIE A. KEFALAS, TTEES, BENJAMIN W. POST, JR., SEIFMAN FAMILY TRUST Dtd. 5/12/1994, BILL & SARA SEIFMAN, TTEES, and HENRY B. SOLOWAY 1991 IRREVOCABLE FAMILY TRUST Dtd. 1/22/91, ALBERT L. BARDIER, TTEE,</u> vs. <u>CAPITOL BANCORP LTD., CRISTIN K. REID, JOSEPH D. REID, and L. DOUGLAS JOHNS,</u> Ingham County Circuit Court, Case No. 11-39-CZ (the "Lawsuit").

**WHEREAS**, Defendants have filed a lawsuit against Plaintiffs captioned <u>CAPITOL BANCORP LTD., CRISTIN K. REID, JOSEPH D. REID, and L. DOUGLAS JOHNS</u> vs. <u>G3 PROPERTIES, LLC, STEVEN SAMUEL GLANDER, JOHN IANNUCCI FAMILY TRUST</u>

Dtd. 10/17/2000, JOHN IANNUCCI, TTEE, ANGELO IANNUCCI, THE KENNETH A. & DEBBIE A. KEFALAS FAMILY TRUST Dtd. 5/31/2006, KENNETH A. & DEBBIE A. KEFALAS, TTEES, BENJAMIN W. POST, JR., SEIFMAN FAMILY TRUST Dtd. 5/12/1994, BILL & SARA SEIFMAN, TTEES, and HENRY B. SOLOWAY 1991 IRREVOCABLE FAMILY TRUST Dtd. 1/22/91, ALBERT L. BARDIER, TTEE, Ingham County Circuit Court, Case No. 13-1168-CZ (the "Indemnity Lawsuit" and, together with the Lawsuit, the "Actions").

**WHEREAS**, the Parties desire to resolve the Actions and all claims by the Parties which were asserted or which could have been asserted in the Actions, and the Parties have reached the agreement set forth below in full settlement of any and all such claims.

**NOW, THEREFORE**, in consideration of the foregoing and of the mutual promises hereinafter set forth, the receipt and adequacy of which are hereby acknowledged, the Parties agree as follows:

1.    Plaintiffs agree to submit this Agreement to the Ingham County Circuit Court ("Circuit Court") for approval. Defendants will not oppose that approval. This Agreement is expressly contingent upon approval by the Circuit Court, except that if the Agreement is not approved because the Circuit Court does not approve the allocation of funds as set out in Paragraph 2, below, Plaintiffs agree to re-allocate the funds between payments to themselves and payments to Capitol Development Bancorp Limited VIII ("CDBL VIII") in such a manner as to obtain Circuit Court approval. Defendants will not be required to pay additional amounts as a result of such allocation. Approval shall not be deemed final until the expiration of twenty-one (21) days from the date the Circuit Court Order Approving Settlement is entered without an appeal having been taken, or the affirmation on appeal of any approval if such an appeal is taken.

2

2.     Defendant CBC agrees to submit this Agreement to the Eastern District of Michigan Bankruptcy Court ("Bankruptcy Court") upon final approval by the Circuit Court. This Agreement is expressly contingent upon approval by the Bankruptcy Court, including a finding that the settlement funds of $2,250,000.00 may be paid out of policy proceeds of Policy BCP 8737781 and that such payment reduces the available limit of liability under the policy. Plaintiffs will not oppose that approval. Approval shall not be deemed final until the expiration of fourteen (14) days from the date the Bankruptcy Court Order Approving Settlement is entered, without an appeal having been taken, or the affirmation on appeal of any approval if such an appeal is taken.

3.     Within 14 days after final approval of this Agreement under both Paragraphs 1 and 2 above, Defendants shall pay (or cause to be paid):

a) to Plaintiffs a total of Two Million Dollars ($2,000,000.00) by a check made payable to *Barnes & Thornburg, LLP,* which shall be solely responsible for the administration and distribution of those funds to Plaintiffs. The Taxpayer ID number of Barnes & Thornburg is *350900596.*

b) to CDBL VIII a total of Two Hundred Fifty Thousand Dollars ($250,000.00) by a check made payable to *Capitol Development Bancorp Limited VIII.* The Taxpayer ID number of CDBL VIII is *26-1438459.*

4.     Plaintiffs shall be responsible for their own attorneys' fees.

5.     As part of the process of approval of this Agreement under both Paragraphs 1 and 2 above, the Parties shall agree that CDBL VIII's funds, which are currently frozen by order of the Court, shall be unfrozen upon final approval of this Agreement.

6.     Immediately after full approval of this Agreement under both Paragraphs 1 and 2 above, the Parties shall enter with the Court the signed Stipulated Orders of Dismissal With Prejudice And Without Costs (the "Order"), in the form attached as Exhibit A, the original thereof having been signed by the attorneys for the Parties contemporaneously with the execution of this Agreement.

7.     Within 14 days after final approval of this Agreement under both Paragraphs 1 and 2 above, the directors of CDBL VIII shall cause CDBL VIII to commence winding down. In connection with that process,

a) CDBL VIII is authorized to pay all amounts due and owing, and to make such reserves as required to satisfy its obligations in connection with the real property lease in Columbus, Ohio ("Columbus Lease Obligation"). The present value of the Columbus Lease Obligation, net of expected sublease receipts, as of October 31, 2013 was calculated to be $131,336.08. If CDBL VIII is able to resolve the Columbus Lease Obligation for less than $131,336.08, the balance will remain in escrow pursuant to Paragraph 7(b) and be distributed in accordance with Paragraph 7(e). The fees, if any, for the escrow services identified in Paragraph 7(b) may also be paid under this paragraph.

b) CDBL VIII shall place $500,000.00 in escrow with Wells Fargo. The escrowed funds shall be used only to pay for the reasonable expenses incurred in winding down CDBL VIII that were not paid as part of Paragraph 7(a), above, and for claims made against CDBL VIII's officers and directors.

c) Immediately after making the payments under Paragraph 7(a) and the deposit into escrow under Paragraph 7(b), CDBL VIII shall distribute any remaining assets to its shareholders in accordance with their percentages of ownership.

4

d) Prior to making any disbursements under Paragraph 7(b), CDBL VIII shall provide written notice to Jeffrey G. Muth, Esq., at jeffrey.muth@btlaw.com, with a copy to Scott R. Murphy, Esq., at smurphy@btlaw.com, of the proposed expense. If Mr. Muth provides a written objection on behalf of the derivative plaintiffs within three business days, the funds shall not be distributed until the dispute is resolved. The parties agree to submit any such dispute to Gene J. Esshaki for binding arbitration, and expressly agree that the decision may be made without hearing. Mr. Esshaki will be paid out of the escrowed funds. If Plaintiffs do not prevail on the dispute, Defendants may be awarded, in Mr. Esshaki's sole discretion, their attorney fees and costs incurred in the dispute. Any such award shall be against the Plaintiffs personally, and not charged against the escrowed funds. Any such award against the Plaintiffs shall be enforceable in any court in the State of Michigan against all Plaintiffs, jointly and severally, and all Plaintiffs consent to jurisdiction in the courts of the State of Michigan for the purpose of such enforcement.

e) On June 1, 2015, or forty-five days after the payment of the last identified obligation of CDBL VIII, whichever is later, CDBL VIII shall distribute its remaining assets to its shareholders in accordance with their percentages of ownership.

8. Each of the Plaintiffs acknowledges that, before, during, and after their investments in CDBL VIII, there were no misrepresentations or omissions made to them in connection with CDBL VIII or CBC by Cristin K. Reid; that there were no breaches of fiduciary duty by Cristin K. Reid; that there were no acts that could constitute minority oppression by Cristin K. Reid; that there were no breaches of contract by Cristin K. Reid; and that there were no acts of conversion by Cristin K. Reid.

5

9.      Each of the Plaintiffs acknowledges that, before, during, and after their investments in CDBL VIII, there were no misrepresentations or omissions made to them in connection with CDBL VIII or CBC by Joseph D. Reid; that there were no breaches of fiduciary duty by Joseph D. Reid; that there were no acts that could constitute minority oppression by Joseph D. Reid; that there were no breaches of contract by Joseph D. Reid; and that there were no acts of conversion by Joseph D. Reid.

10.     Each of the Plaintiffs acknowledges that, before, during, and after their investments in CDBL VIII, there were no misrepresentations or omissions made to them in connection with CDBL VIII or CBC by L. Douglas Johns; that there were no breaches of fiduciary duty by L. Douglas Johns; that there were no acts that could constitute minority oppression by L. Douglas Johns; that there were no breaches of contract by L. Douglas Johns; and that there were no acts of conversion by L. Douglas Johns.

11.     As to CBC, each of the Parties agrees that the Agreement, and the acts done and payments made hereunder, are entered into and done solely to compromise disputed claims and to avoid the expenses and inconvenience of litigation, and shall not constitute, nor be construed as, an admission of liability on the part of any party.

12.     Except for the Parties' obligations under this Agreement, and upon receipt by Plaintiffs of the payment identified in Paragraphs 3 and 4, above, the Parties hereby release, acquit, forever discharge and covenant not to sue (as a full settlement and as an accord and satisfaction) each other and their respective subsidiaries, shareholders, employees, officers, directors, trustees, attorneys, heirs, successors, members, insurers, and assigns, from any and all manner of actions and causes of action, suits, debts, obligations, choses in action, contracts, warranties, torts, covenants, claims, rights of contribution and/or indemnification, rights of

6

subrogation, sums of money, judgments, executions, liabilities, damages, interest, fees, costs, sanctions, expenses, demands and rights whatsoever, contingent or noncontingent, in law or in equity, known or unknown, previously existing, now existing or which may hereafter arise or exist, which were or could have been asserted in the Actions, or in connection with, in any way relating to, arising out of, directly or indirectly resulting from, or in consequence of the Actions.

13. In addition, the Parties covenant that each will refrain from continuing or commencing any action or suit, prosecuting any pending action or suit, or participating or assisting in any manner in the commencement or prosecution of any action or suit, at law or in equity, on account of any claim or matter released hereunder. Nothing contained in this Agreement shall be construed to limit any Party's ability to provide truthful, sworn testimony if compelled to testify by subpoena or court order.

14. The Parties understand and agree that this Agreement, and the acts done and payments made hereunder, are entered into and done solely to compromise disputed claims and to avoid the expenses and inconvenience of litigation, and shall not constitute, nor be construed as, an admission of liability on the part of any party.

15. Plaintiffs agree that it shall be their sole responsibility to satisfy any liens in any way relating to the payment made to them pursuant to this Agreement (the "Liens"). Plaintiffs further agree that they shall indemnify and hold Defendants harmless against any claims or liabilities made in connection with any Lien.

16. Plaintiffs agree that it shall be their sole responsibility to pay any taxes in any way relating to any payment made to them pursuant to this Agreement (the "Taxes"). Plaintiffs further agree that they shall indemnify and hold Defendants harmless against any claims or liabilities made in connection with the Taxes.

7

17.     This Agreement shall be binding on and inure to the benefit of the heirs, successors and assigns of the Parties.

18.     This Agreement is the entire, integrated agreement between the Parties, and any and all discussions, understandings, and agreements heretofore had by the Parties with respect to the subject matter hereof are merged into this Agreement, which alone fully and completely express the Parties' agreement. No amendments, waivers, or termination can be made except in a writing signed by each of the Parties.

19.     The Parties hereby represent and warrant that the claims and disputes being settled hereby are owned solely by each of them and have not been transferred or assigned to any other person or entity. In the event that claims are made against a party by or on behalf of transferees or assignees of the claims settled hereby, the other party shall indemnify and hold it harmless from any and all such claims, including its costs and attorney's fees incurred in the defense thereof.

20.     Each Party hereto acknowledges, represents, and warrants that each has read this Agreement in its entirety; each has apprised himself, herself or itself of sufficient information to intelligently decide whether to execute this Agreement; the decision to execute this Agreement is not predicated on or influenced by any declarations or representations not set forth in this Agreement; each clearly understands this Agreement and each of its terms; each fully and unconditionally consents to the terms of this Agreement; each has had the benefit and advice of counsel; each has executed this Agreement freely, voluntarily, with knowledge, and without duress; no party is relying upon any other representations, written or oral, express or implied, made by any person; the consideration received has been actual and adequate; and each is duly authorized to executed this Agreement in the individual and/or representative capacity set forth below.

8

21.     The Parties shall not in any manner disparage or impugn personal or business reputation, practices, or conduct of any Party to this Agreement. The Parties acknowledge and agree that this prohibition extends to statements, written or verbal, electronic (including by social media) or otherwise, made to anyone, including, but not limited to, the news media, investors, potential investors, any board of directors or advisory board or directors, industry analysts, competitors, strategic partners, vendors, employees (past and present), and clients. The Parties understand and agree that this Paragraph is a material provision of this Agreement and that any breach of this Paragraph shall be a material breach of this Agreement, and that each Party would be irreparably harmed by violation of this provision.

22.     The Parties will seek a modification to the stipulated protective order to clarify that: within 30 days of the final approval of this settlement, all Confidential Information, except the litigation files maintained by counsel, shall be destroyed. All deposition transcripts, and the exhibits thereto, are deemed not to be Confidential Information. All filings made under seal shall remain under seal pursuant to the original order.

23.     The Parties agree that any dispute as to the validity, construction, or enforcement of this Agreement will be submitted to Gene J. Esshaki for binding arbitration, and the Parties expressly agree that the decision may be made without hearing. Each party will bear its own costs in bringing such dispute and agree to split Mr. Esshaki's fees equally.

24.     This Agreement shall be construed under, and interpreted in accordance with, the laws of Michigan, without regard to any choice of law rules of the State of Michigan.

25.     This Agreement may be executed in counterparts and facsimile or electronic copies of signatures shall be treated as originals for all purposes.

9

G3 PROPERTIES, LLC

_____

By: _____

Its:_____


_____
STEVEN SAMUEL GLANDER


JOHN IANNUCCI FAMILY TRUST DTD.
10/17/2000

_____

By: _____

Its:_____


_____
ANGELO IANNUCCI

THE KENNETH A. & DEBBIE A. KEFALAS
FAMILY TRUST DTD. 5/31/2006


_____

By: _____

Its:_____


_____
BENJAMIN W. POST, JR.

SEIFMAN FAMILY TRUST DTD. 5/12/1994

_____

By: _____

Its:_____

HENRY B. SOLOWAY 1991
IRREVOCABLE FAMILY TRUST DTD.
1/22/91

_____

By: _____

Its:_____

CAPITOL BANCORP LTD.

_____

By: _____

Its:_____

_____
CRISTIN K. REID

_____
JOSEPH D. REID

_____
L. DOUGLAS JOHNS

13596440.6

11